UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUSAN CARNEY,
Plaintiff,

Case No. 1:16-cv-675
Dlott, J.
Litkovitz, M.J.

vs.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Defendant.

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on (1) the motion to dismiss the complaint filed by defendant Prudential Insurance Company of America[1] (Doc. 4), which plaintiff opposes (Doc. 10), and (2) plaintiff's motion for leave to file first amended complaint *instanter* (Doc. 11) and defendant's memorandum in response (Doc. 12).

Plaintiff originally filed this action in state court. (Doc. 2). Defendant removed the action to this Court on June 23, 2016, on the ground plaintiff's claims brought under state law are completely preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C., § 1001, *et seq*. After removing the case, defendant moved to dismiss the complaint on the ground plaintiff's claims brought under state law relate to the denial of her claim for accidental death insurance benefits under an insurance plan offered by plaintiff's employer, Cintas Corporation (Cintas), which is an employee welfare benefit plan governed by ERISA; therefore, plaintiff's state law claims are completely preempted by ERISA. (Doc. 4). Plaintiff filed a memorandum in opposition to defendant's motion to dismiss (Doc. 10) and a motion for leave to file a first amended complaint *instanter* (Doc. 11). Plaintiff seeks leave to amend the complaint to join the Plan Administrator, Cintas, as a defendant to the action and to add an

---

[1] Defendant states it has been incorrectly sued under this name and indicates that its correct name is "The Prudential Insurance Company of America." (Doc. 4 at 1).

ERISA claim against defendant and Cintas. Defendant states that it does not oppose plaintiff's motion for leave to amend the complaint and acknowledges that its motion to dismiss would be mooted by the filing of an amended complaint. (Doc. 12).

The Court will grant plaintiff's motion for leave to amend the complaint (Doc. 11) as unopposed. Because the amended complaint replaces the original complaint, defendant's motion to dismiss the original complaint (Doc. 4) is moot. *See Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). The motion to dismiss the original complaint should therefore be denied on this ground. *Id*. Defendant will have an opportunity to respond to the amended complaint in accordance with the Federal Rules.

### IT IS THEREFORE ORDERED THAT:

Plaintiff's motion to amend the complaint (Doc. 11) is **GRANTED**. The Clerk is **DIRECTED** to file the First Amended Complaint attached to plaintiff's motion (Doc. 11-1).

### IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion to dismiss the original complaint (Doc. 4) be **DENIED** as moot.

Date: 9/22/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUSAN CARNEY,
Plaintiff,

Case No. 1:16-cv-675
Dlott, J.
Litkovitz, M.J.

vs.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).