UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUSAN CARNEY,
    Plaintiff,

vs.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
    Defendant.

Case No. 1:16-cv-675
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    This matter is before the Court on defendant Prudential Insurance Company of America's motion to partially dismiss the amended complaint and motion to strike request for extracontractual/punitive damages and jury demand (Doc. 17), defendant's supporting memorandum (Doc. 18), and defendant's reply memorandum (Doc. 19). Plaintiff has not filed a response in opposition to the motion.

    Plaintiff originally filed this action alleging a wrongful denial of accidental death benefits in state court. (Doc. 2). Defendant removed the action to this Court on June 23, 2016. (Doc. 1). Defendant asserted that plaintiff's claims, which were brought exclusively under state law, were completely preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C., § 1001, *et seq*. The Court subsequently granted plaintiff leave to amend the complaint to join the Plan Administrator, Cintas Corporation (Cintas), as a defendant to the action and to add an ERISA claim against Prudential Insurance Company of America[1] (Prudential) and Cintas. (Doc. 14). The Amended Complaint was filed on September 22, 2016. (Doc. 15).

    Defendant Prudential moves to dismiss the state law claims raised in the amended complaint under Fed. R. Civ. P. 12(b)(6) on the ground those claims are preempted by ERISA.

---

[1] Defendant states it has been incorrectly named in the amended complaint as "Prudential Insurance Company of America"and indicates that its correct name is "The Prudential Insurance Company of America." (Doc. 18 at 1).

(Docs. 17, 18). Prudential alleges that plaintiff's claim for extracontractual/punitive damages and her jury demand must be stricken because ERISA does not provide for such damages or for a trial by jury. (*Id.*).

### I. Motion to dismiss

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

The issue raised by Prudential's motion to dismiss under Rule 12(b)(6) is whether plaintiff has pled state law claims that are not preempted by ERISA. ERISA broadly preempts state law claims insofar as they "relate to" any employee benefit plan as defined under the statute. 29 U.S.C. § 1144(a); *see also Smith v. Commonwealth General Corp.*, 589 F. App'x 738, 744 (6th Cir. 2014) (quoting *Metropolitan Life Ins. Co. v. Mass.,* 471 U.S. 724, 733 (1985)). ERISA defines "employee benefit plan" to include any "employee welfare benefit plan," which

2

means any plan maintained by an employer to provide certain benefits, including death benefits payable to a beneficiary. 29 U.S.C. § 1002(1), (3). The phrase "relate to" is construed broadly such that a state law claim is preempted by ERISA if "it has connection with or reference to that plan." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (citing *Metropolitan Life Ins. Co.*, 471 U.S. at 732-33); *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983)). A claim brought under state law is completely preempted by ERISA if the claim seeks "'to recover benefits due to [the plaintiff] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan,' as provided in § 1132(a)(1)(B)." *Lockett v. Marsh USA, Inc.*, 354 F. App'x 984, 988 (6th Cir. 2009) (citations omitted).

"It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002) (citing *Cromwell*, 944 F.2d at 1275). Regardless how a claim is labeled, it is a claim for the recovery of ERISA benefits for preemption purposes if "(1) the plaintiff complains about the denial of benefits to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan'; and (2) the plaintiff does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plan terms[.]'" *Gardner v. Heartland Indus. Partners*, 715 F.3d 609, 613 (6th Cir. 2013) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

Claims for breach of contract and fiduciary duty, if brought under an employee benefit plan, are preempted because such claims necessarily relate to the ERISA plan. *Girl Scouts of Middle Tennessee, Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 419 (6th Cir. 2014) (citations omitted); *see also Soehnlen v. Fleet Owners Ins. Fund*, No. 16-3124, 2016 WL 7383993, at *9

3

(6th Cir. Dec. 21, 2016) (state laws that grant relief for these breaches are preempted because ERISA affords the requested relief). State law claims for the torts of fraud and misrepresentation have also been held to be preempted as simply providing "alternative enforcement mechanisms" to the ERISA enforcement scheme. *See Briscoe v. Fine,* 444 F.3d 478, 498 (6th Cir. 2006) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005)).

There is no dispute that plaintiff here seeks to recover benefits under an employee benefit plan as defined under ERISA. Plaintiff states in the amended complaint that this case arises from the wrongful denial of accidental death benefits payable to her as a beneficiary under a fully insured group term life insurance policy, Group Policy No. G-39971 (Policy) issued by Prudential to defendant Cintas. (Doc. 15, Amended Complaint, ¶¶ 1, 5, 21; Exh. C).[2] Plaintiff alleges that Prudential issued the Policy and that the policyholder and Plan Administrator is Cintas, which is a fiduciary under ERISA. (*Id.*, ¶¶ 5, 6). Plaintiff alleges that the Policy covered her deceased spouse, Kelly Carney. (*Id.*, ¶ 1). Plaintiff asserts that the action arises under ERISA and "to the extent the claims are not pre-empted by ERISA, [she] has asserted, bad faith, wrongful refusal to pay a valid" accidental death claim under the policy. (*Id.*, ¶ 2). Plaintiff contends she brings the action under the following provisions of ERISA: 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), and 1132(c). (*Id.*). She brings a claim against defendants for breach of fiduciary duty under ERISA. (*Id.*, ¶¶ 20, 21, 22, Count One).

---

[2] Although the district court is not permitted to consider matters beyond the complaint in resolving a motion to dismiss, *see Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008), the court may consider exhibits attached to the complaint as these form part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296-97 (6th Cir. 2008).

Because plaintiff seeks to recover benefits allegedly owing under an employee benefit plan, her state law claims are preempted to the extent they "relate to" the plan. 29 U.S.C. § 1144(a). Plaintiff's state law claims clearly arise from the denial of benefits under the plan at issue and duplicate her ERISA claim. Plaintiff brings state law claims for breach of contract based on allegations that Prudential refused to pay benefits owed under the Policy (*Id.*, ¶¶ 23- 26, Count Two); fraud and deceit premised on allegations that Prudential fraudulently represented to decedent and plaintiff that it would promptly pay a valid claim under the Policy (*Id.*, ¶¶ 27-31, Count Three); and bad faith failure to pay benefits based on defendant's alleged refusal to pay plaintiff accidental death benefits due under the Policy (*Id.*, ¶¶ 32-35, Count Four). In making these claims, plaintiff incorporates by reference the same conduct she alleges in support of her ERISA claim and then contends such conduct constitutes violations of state law and is actionable to the extent her state law claims are not preempted by ERISA. (*Id.*, ¶¶ 25, 30, 34). By presenting her state law claims in this manner, plaintiff leaves no doubt that these claims simply "mirror[]" her ERISA claim. *See Briscoe*, 444 F.3d at 498-99. Moreover, plaintiff does not dispute that her state law claims "relate to" an employee benefit plan and that her state law claims seek to recover benefits under that plan.

Thus, plaintiff's state law claims for breach of contract (Count Two), fraud and deceit (Count Three) and bad faith failure to pay benefits (Count Four) are preempted by ERISA. Defendant Prudential's motion to dismiss these claims under Rule 12(b)(6) should be granted.

**II. Motion to strike**

Prudential's motion to strike plaintiff's claim for extracontractual/punitive damages should be granted. Extracontractual compensatory damages are not available in an action brought under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the terms of a plan. *Intl.*

5

*Union UAW Loc. 91 v. Park-Ohio Industries, Inc.*, 876 F.2d 894 (Table), 1989 WL 63871, at *6 (6th Cir. June 15, 1989). *See also Burgett v. Appalachian Regl. Healthcare, Inc.*, No. CIV. 6:13-191, 2014 WL 2441235, at *4 (E.D. Ky. May 30, 2014). Nor is a beneficiary permitted to seek punitive damages under § 1132(a)(1)(B). *Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 618 (6th Cir. 1998).

Prudential's motion to strike plaintiff's jury demand should also be granted. It is well-settled law in the Sixth Circuit that there is no right to a jury trial on an ERISA claim for the recovery of benefits. *Vargas v. Child Dev. Council of Franklin County, Inc.*, 269 F. Supp.2d 954, 957 (S.D. Ohio 2003) (citing *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 616 (6th Cir. 1998); *Sprague v. General Motors Corp.,* 133 F.3d 388, 406 (6th Cir. 1998); *Bittinger v. Tecumseh Products Co.,* 123 F.3d 877, 882-83 (6th Cir. 1997)). Instead, this case is properly decided on the administrative record without a trial. *See Wilkins*, 150 F.3d 609.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Prudential's motion to partially dismiss the amended complaint (Doc. 17) be **GRANTED** and Counts Two, Three and Four of the amended complaint be **DISMISSED**.

2. Defendant Prudential's motion to strike plaintiff's request for extracontractual/punitive damages and jury demand (Doc. 17) be **GRANTED**.

Date: 1/10/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUSAN CARNEY,
    Plaintiff,

Case No. 1:16-cv-675
Dlott, J.
Litkovitz, M.J.

vs.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).